COURT OF APPEALS
DECISION
DATED AND FILED

February 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1305-CR**

Cir. Ct. No.  2017CF27

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

THOMAS K. MALMQUIST,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County:  MICHAEL P. MAXWELL, Judge.  *Affirmed*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Thomas K. Malmquist appeals from a judgment of conviction and an order denying his postconviction motion. He contends that the circuit court erred when it denied his request to instruct the jury on the necessity defense. He also accuses the court of objective bias. We reject Malmquist's arguments and affirm.

¶2 On January 8, 2017, Officer Matthew Curran performed a traffic stop of a pickup truck whose front snowblade was hanging over the center line. Malmquist was the driver of the truck and had his 15-year-old son in the passenger seat. Malmquist exhibited signs of intoxication and admitted to drinking "six or seven beers" earlier at a tavern. After conducting several field sobriety tests, Curran placed Malmquist under arrest. A subsequent blood draw revealed a blood alcohol concentration of 0.163.

¶3 Malmquist filed a pretrial notice of intent to assert the affirmative defense of necessity. That is, he wished to claim that his decision to drive drunk with his minor child was necessary under the circumstances. The parties and circuit court agreed to wait and see how the evidence came in at trial before determining whether a jury instruction on the necessity defense was appropriate.

¶4 During voir dire, defense counsel questioned a potential juror about the necessity defense. He asked, "Do you believe there is a certain situation a person might find it necessary to drive a vehicle even though they have alcohol in their system because of a greater good or a greater need?" She answered, "With alcohol involved, no." After the potential juror explained that she never felt the need to break a law after drinking, and again confirmed that she did not believe there would be a situation where someone else would have a compelling need to do so, defense counsel asked, "Would your mind be closed to any possibility that

there could be?" She answered, "I would be open to hearing about it, but I can't fathom that right now."

¶5     During a sidebar, defense counsel moved to strike the potential juror for cause based upon her answers to his questions. The circuit court replied, "She hasn't been presented with the facts of this case and frankly I think she is right. There is not a necessity defense. You're still welcome to present that defense." Accordingly, the court denied the motion, and the matter proceeded to trial.

¶6     The State called three witnesses in its case-in-chief: Curran, another police officer who assisted the investigation, and a crime lab toxicologist. The defense also called three witnesses: Malmquist, his daughter, and the bartender who had served him. The gist of Malmquist's defense was that (1) his home was heated by oil; (2) he had unexpectedly run out of oil, which he discovered upon returning home from the tavern; (3) it was a bitterly cold day; and (4) he was concerned that he and his children would freeze if he did not go out and obtain more oil. Malmquist acknowledged that he had a phone and could have called 911; however, he chose not to do so because police had told him the year before that they do not deliver fuel.

¶7     At the close of evidence, defense counsel asked the circuit court to instruct the jury on the necessity defense. Counsel noted that, "Had [Malmquist] called 911 and someone from 911 did respond, they would have probably come out to the house or sent somebody out to the house realizing, yes, this is a dangerous condition." This prompted the court to ask, "Didn't what you just say negate necessity, which is he could have called 911 and that they would have come?"

¶8     After hearing further argument from the parties, the circuit court concluded that Malmquist had failed to show both that there were no alternative means of preventing the harm and that his beliefs were reasonable. Thus, it declined to give the requested instruction.

¶9     Malmquist was subsequently convicted of operating while intoxicated as a fifth offense with a minor in the vehicle. The circuit court sentenced him to two years of initial confinement and four years of extended supervision.

¶10     Malmquist filed a postconviction motion seeking a new trial. He argued that the circuit court erred in refusing to give the requested instruction. He also accused the court of objective bias for stating during the voir dire sidebar, "There is not a necessity defense." The court denied the motion in a written order. This appeal follows.

¶11     On appeal, Malmquist first contends that the circuit court erred when it denied his request to instruct the jury on the necessity defense. He maintains that he presented sufficient evidence to support the instruction.

¶12     A circuit court has broad discretion in instructing the jury. *State v. Ferguson*, 2009 WI 50, ¶9, 317 Wis. 2d 586, 767 N.W.2d 187. Whether sufficient evidence exists to support giving a particular instruction is a question of law that we review de novo. *State v. Giminski*, 2001 WI App 211, ¶11, 247 Wis. 2d 750, 634 N.W.2d 604.

¶13     A defendant may claim "necessity" as a defense to most crimes if there is a "[p]ressure of natural physical forces which causes the actor reasonably to believe that his or her act is the only means of preventing imminent public

disaster, or imminent death or great bodily harm to the actor or another and which causes him or her so to act." WIS. STAT. § 939.47 (2017-18).[1] There are four elements comprising this defense:

> (1) the defendant must have acted under pressure from natural physical forces;
>
> (2) the defendant's act was necessary to prevent imminent public disaster, or death, or great bodily harm;
>
> (3) the defendant had no alternative means of preventing the harm; and
>
> (4) the defendant's beliefs were reasonable.

*State v. Anthuber*, 201 Wis. 2d 512, 518, 549 N.W.2d 477 (Ct. App. 1996). A defendant asserting the necessity defense has the initial burden of presenting sufficient evidence to show he or she was entitled to claim the defense. *See State v. Stoehr*, 134 Wis. 2d 66, 87, 396 N.W.2d 177 (1986).

¶14 Here, we are not persuaded that Malmquist presented sufficient evidence to support the necessity defense. To begin, he failed to show that he had no alternative means of preventing the harm in question. This was made clear when Malmquist acknowledged that he had a phone and could have called 911. Moreover, he failed to show that his beliefs were reasonable. Just because police declined Malmquist's previous request to deliver fuel does not mean that they would not have helped had he advised them of the situation (i.e., children being in a home with no heat on a bitterly cold day). On this record, we are satisfied that the circuit court properly refused to instruct the jury on the necessity defense.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

¶15     Malmquist next contends that the circuit court was objectively biased. Again, he bases this claim on the court's statement during the voir dire sidebar, "There is not a necessity defense." According to Malmquist, this statement suggests that the court prejudged his case.

¶16     "The right to an impartial judge is fundamental to our notion of due process." *State v. Goodson*, 2009 WI App 107, ¶8, 320 Wis. 2d 166, 771 N.W.2d 385. Whether a judge was biased is a question of law that we review de novo. *See id.*, ¶7.

¶17     We presume that a judge has acted fairly, impartially, and without bias. *State v. Herrmann*, 2015 WI 84, ¶24, 364 Wis. 2d 336, 867 N.W.2d 772. To overcome that presumption, the burden is on the party asserting judicial bias to show bias by a preponderance of the evidence. *Id.*

¶18     Objective bias can exist in two situations: (1) where objective facts create a serious risk of actual bias; or (2) where objective facts demonstrate that a judge actually treated a party unfairly. *Goodson*, 320 Wis. 2d 166, ¶9; *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884 (2009).

¶19     As a threshold matter, Malmquist forfeited his claim of judicial bias by not raising it contemporaneously. *See State v. Marhal*, 172 Wis. 2d 491, 505, 493 N.W.2d 758 (Ct. App. 1992). *See also State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 (issues that are not preserved generally will not be considered on appeal).

¶20     In any event, we cannot say that Malmquist met his burden of showing objective bias. Examining the above statement in context, the circuit court was explaining to defense counsel why it was problematic to say that the

potential juror should be struck based on a possible situation she had not yet heard. The court said, "She hasn't been presented with the facts of this case and frankly I think she is right. There is not a necessity defense." It immediately followed this up by observing, "You're still welcome to present that defense." By saying this, the court plainly signaled that it had not yet made up its mind about the case and would consider whatever evidence/argument Malmquist could present. Indeed, it did just that. The fact that the court ultimately ruled against Malmquist in his request for an instruction on the necessity defense is not evidence of objective bias.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.